Jessie ROBINSON, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 87–1339.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1987.

Decided Jan. 6, 1988.

Rehearing Denied Feb. 9, 1988.

Mark E. Long, Pine Bluff, Ark., for appellant.

Connie Griffin, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before FAGG, Circuit Judge, ROSS, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Jessie Robinson, an Arkansas state prisoner serving a sixty-year sentence for first degree murder and attempted murder, appeals the denial of his petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. He argues that the district court [1] erred in denying relief because (1) his guilty pleas were involuntarily entered

---

**1.** The Honorable Elsijane T. Roy, United States District Judge for the Eastern District of Arkansas.

while under the influence of drugs, and (2) he was denied effective assistance of counsel. We affirm the judgment of the district court.

On October 11, 1982, Robinson pled guilty to separate charges of first-degree murder and attempted murder, and was sentenced to forty and twenty year terms of imprisonment, respectively. These sentences were ordered to run consecutively, resulting in a sixty-year sentence to be served. A year later, Robinson moved to withdraw his guilty pleas on the grounds that his pleas were entered involuntarily, that he was denied effective assistance of counsel, and that the sentence was excessive. The Mississippi County Circuit Court for the State of Arkansas denied the motion, finding that the petitioner understood the charges and penalties, had been advised of his rights by counsel, and had voluntarily entered his guilty pleas.[2]

■ Robinson later filed a petition for habeas relief pursuant to 28 U.S.C. § 2254, claiming that his pleas were entered involuntarily, that he received ineffective assistance of counsel, and that the state failed to abide by the plea bargain. An evidentiary hearing was held before the magistrate,[3] who received oral testimony and testimony by affidavits. In his recommendation to the district court, the magistrate first concluded that Robinson was not entitled to relief on his drug-induced plea allegations. In so finding, the magistrate determined that although Robinson had in fact ingested a prescribed dosage of Xanax, a central nervous system depressant used for the management of anxiety, early in the morning of the day on which he entered his guilty plea, the evidence failed to demonstrate that Robinson's mental or physical state was so impaired as to render him incompetent to plead.[4] The magistrate also determined that there was not substantial evidence before the trial court which would have suggested the propriety of a competency hearing.

■ The magistrate also rejected Robinson's claim that he was denied effective assistance of counsel. Applying the standards for evaluating a counsel's effectiveness as set out in *Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed. 2d 203 (1985), the magistrate concluded that the evidence failed to support Robinson's claims that his attorney had failed to investigate the facts concerning the alleged offenses prior to plea bargaining and to adequately apprise him of the charges, his potential defenses and trial risks, and the consequences of a guilty plea. The magistrate specifically noted that counsel recommended to Robinson that he not plead guilty, but that Robinson persisted in his desire to plead guilty after being apprised of the charges, potential penalties and "bargain" offered by the prosecution.[5] The magistrate concluded by stating that there was no evidence that Robinson suffered any prejudice from counsel's performance, and that "[c]ounsel's representation allowed petitioner to make 'a voluntary and intelligent choice among the alternative courses of action open to [him].' *North Carolina v. Alford,* 400 U.S. 25, 31 [91 S.Ct. 160, 164, 27 L.Ed.2d 162] (1979)

---

**2.** Robinson subsequently filed a motion to vacate or modify sentence in state court. That motion had not been ruled upon at the time the habeas petition was filed. The district court determined, however, that the disposition of this second motion had no bearing on the outcome of the habeas petition, since petitioner had already been afforded one motion or petition, as permitted, under ARK.R.CRIM.P. 37.

**3.** The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas.

**4.** We note that the record indicates that the most frequent side effect of Xanax is drowsiness or lightheadedness, that a registered pharmacist testified by affidavit that Robinson's medication was a minor tranquilizer that would not impair a patient's ability to reason or to make judgments, that both Robinson's attorney and an investigator of the public defender's office testified that there was nothing unusual about Robinson's demeanor or mental state at the time of pleading, and that Robinson read the formal guilty plea statement which states, "I am mentally competent to make this petition and not under the influence of any drug or alcohol."

**5.** We also note from the record that Robinson was urged to follow his counsel's advice not to plead guilty by the investigator from the public defender's office, who reviewed with Robinson the formal guilty plea statement.

[1970]." *Robinson v. Lockhart,* No. 85–449, slip op. at 11 (E.D.Ark. Nov. 25, 1986).

■ Lastly, the magistrate rejected Robinson's final assertion that the state had failed to abide by its plea bargain, stating that the evidence sufficiently demonstrated that Robinson understood the state's offer and that the state abided by the terms of the plea bargain. Based on those conclusions, the magistrate recommended that the district court deny Robinson's petition for habeas relief and the court summarily adopted that recommendation.

We have thoroughly reviewed the record in this case and find that the factual determinations of the district court were not clearly erroneous and that there is no merit to Robinson's claims for habeas relief. Accordingly, we affirm on the basis of the magistrate's recommendation as adopted by the district court. *See* 8TH CIR.R. 14.

Affirmed.